## GORMAN v. NAIRNE.

1. A payment by an administrator of an insolvent estate, to a creditor, he binding himself "to hold the administrator harmless, in case said estate on settlement, does not pay enough to cover the above amount," is not an absolute payment, or an admission that the claim is just, but if the claim is rejected for want of presentation in time to the administrator, he may recover back the money so paid.

Error to the Circuit Court of Sumter.

This was a case agreed, presenting the following facts: That on and previous to the 4th May, 1844, the plaintiff was administrator of the estate of one George Clanton, which was reported insolvent. On that day the defendant executed to the plaintiff the following receipt:

Received of William Gorman, administrator of the estate of George Clanton, fifty-two dollars fifty cents, in part payment of a claim, which I hold against said estate; also a claim that Stafford & Nairne hold against said estate. I hereby agree to hold said Gorman harmless, in case said estate does not pay enough on settlement, to cover the above amount, on the claims we hold against said estate.

Signed,                       JOHN W. NAIRNE,
                              STAFFORD & NAIRNE.

That before the commencement of this suit, the estate of Clanton was regularly and finally settled. Upon that settlement, the claims here referred to, were rejected, on the objection of the plaintiff, that they were barred by the statute of non-claim, and the plaintiff held to account for, and pay into court, the amount mentioned in said writing. That a large number of other claims were rejected at the same time, so that there were assets sufficient to pay the claims which were allowed, and that the defendant had notice of these facts, but had no personal notice of the time of the settlement, or of the intention of the administrator to object to the claims

at the time of the settlement. Upon these facts, the court was of opinion, the plaintiff was not entitled to recover, and rendered judgment for the defendant, which is the matter now assigned for error.

REAVIS, for plaintiff in error.
STEELE & METCALFE, contra.

ORMOND, J.—The evident meaning of the terms, "hold the said Gorman harmless," &c. in the instrument recited in the record, is, that the plaintiff should not be prejudiced, by advancing to the defendant such a sum as would probably be coming to him, upon his claims, when the insolvent estate was finally settled.

It would be a most unreasonable interpretation of the contract, that the plaintiff intended to guaranty, that the amount so advanced, would in any event be coming to the defendant on his claims; or to guaranty the legal sufficiency of the claim. Nor can it be presumed, he designed to bind himself to make no objection to the allowance of the claims. His duty to each creditor required him to raise all proper objections to each claim asserted against the estate, and the advance must be understood as dependent upon the condition that the claim was allowed.

It was the duty of the defendant to support his claim, and as one of the creditors of the estate, having filed his claim, he is affected with notice of all the subsequent proceedings. The receipt by the defendant of the money, as on a claim due from the estate, implied an assertion on his part, that he had a legal claim against the estate; and this being unfounded in fact, it may be recovered back, either as money had and received to the use of the plaintiff, or upon the express promise of the defendant to hold the plaintiff harmless.

Judgment reversed, and cause remanded.